## Case No. 1,735.

### In re BOWLER.

### Ex parte DUNLOP.

[2 Hughes, 319.] [1]

District Court, E. D. Virginia. June, 1877.

LIENS—PRIORITY—BANKRUPTCY—EXEMPTION.

A lien for rent to the amount of $732.25 attached to the proceeds of the sale of two classes of the debtor's property, which sold respectively for $564 and $668.85, and a deed of trust creditors' lien attached to the property which brought the $564, while the debtor's right to an exemption attached (subject to the superior lien for rent) to the property which sold for $668.85, the lien for rent being superior to both the trust deed and right of exemption, and the deed of trust being superior to the right of exemption only in the $564. *Held*, that inasmuch as the lien for rent attached to "two funds," and was superior both to the trust deed and the exemption, it must be paid in full, and that the deed of trust lien must be subrogated to it as to the remainder of the aggregate fund, and that nothing could be given to the debtor for account of his exemption.

In bankruptcy. On the exceptions of John Dunlop, a trust deed creditor [of Henry Bowler, a bankrupt], filed April 12th, 1877, to commissioner's report, filed April 4th, 1877. [Exceptions sustained.]

HUGHES, District Judge. The landlord had a lien to the amount of $732.25 upon that part of the bankrupt's property which brought $1232.85. There were two classes of this property, which respectively brought $564 and $668.85. The deed of trust creditor had a lien upon so much of this same property as brought $564, and there was not enough for both by $63.40. The landlord's claim was, under the laws of Virginia, superior in dignity to that of the trust creditor on the property subject to the trust deed, and was also superior to the bankrupt's claim for an exemption, which (but for the landlord's claim) would have been payable out of that part of his property which brought $668.85.

This case differs from that of B. D. Cogbill [Case No. 2,954], decided in April, in the fact, that, in Cogbill's Case, the claim superior to the trust deed was that of a judgment creditor, whose right was, as to the general estate, inferior to that of the bankrupt for a homestead exemption. In Cogbill's Case the judgment creditor's claim was superior to that of the trust creditor's only

as to the property covered by the trust deed, but was inferior to that of the homestead as to the remaining estate, and, therefore, he had not "two funds" out of which he was at liberty to make his debt; for, under the laws of Virginia, a judgment creditor's lien is not, in general, superior to the homestead.

In the present case, however, the landlord having two funds out of which he could make his debt, which as to both the two funds was superior to the bankrupt's claim for exemption, if he has been paid out of that one of the funds on which the trust deed creditor had no lien the trust creditor must be subrogated to his rights, and receive that portion of the aggregate fund which was left after satisfying the landlord. The exceptions of the trust creditor, John Dunlop, are therefore sustained, and an order will be made accordingly.

NOTE [from original report]. I have assumed in this decision that the lien for rent is superior to the bankrupt's right to what is called the "$500 congressional exemption," allowed by section 5045, Rev. St. U. S., just as the lien for rent is superior under the laws of Virginia to the right to a homestead exemption.